IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICK D. RENNER, | ) | 4:06CV3212 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Filing 21.) The application requests that a payment of $5,535.23 be made directly to Plaintiff's attorney. This sum represents 33.7 hours of work by Plaintiff's attorney, at an average hourly rate of $164.25.[1] The Commissioner does not object to the amount of the fee application, but does object to paying Plaintiff's attorney directly.

The court has determined that Plaintiff was indeed the prevailing party in this action, as the Commissioner's decision was reversed and matter remanded for further proceedings; that the application for fees was filed in a timely fashion; and that the position of the Commissioner was not substantially justified. Plaintiff therefore is entitled to an award of reasonable attorney fees.

With regard to the method of payment, the Commissioner correctly notes that "[t]he EAJA directs that a court shall award '*to a prevailing party* other than the

---

[1] This average hourly rate equals the statutory maximum of $125.00, adjusted on a monthly basis to account for inflation since March 1996.

United States' attorney's fees and other expenses 'incurred by that party in a civil action.'  28 U.S.C. § 2412(d)(1)(A) (emphasis added)."  (Filing 22, at 1.)  While I recently approved the payment of a fee award directly to a plaintiff's attorney in a Social Security appeal where the plaintiff had expressly authorized such payment and the Commissioner did not show that he would be prejudiced, *see Renner v. Astrue*, 4:06cv3156 (Memorandum and Order entered May 22, 2007), in the present case there is no evidence of the plaintiff's consent.  The Commissioner's objection is well-taken.

Accordingly,

IT IS ORDERED that:

1.     Plaintiff's application for attorneys fees pursuant to the Equal Access to Justice Act (filing 21) is granted, except that the payment thereof shall be made to Plaintiff rather than to Plaintiff's attorney.

2.     By separate document, the court shall enter judgment for Plaintiff and against Defendant, providing that Plaintiff is awarded attorney fees of  $5,535.23.

July 23, 2007.                              BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge

2